IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JULIANA HENDRY,                                                      Civil Action No.
        Plaintiff,

vs.

BEALL'S STORES, INC.,
        Defendants.
_____/

# COMPLAINT

Plaintiff Juliana Hendry ("Plaintiff" or "Ms. Hendry"), by and through undersigned counsel, files this Complaint against Defendant Beall's Inc ("Beall's"), stating as follows.

## PARTIES

1. Ms. Hendry is an adult individual residing in Volusia County, Florida.

2. Defendant Beall's Inc. is a for profit corporation doing business in Florida including at 1458 W. Granada Blvd., Ormond Beach, Florida 32174 ("Beall's").

3. Beall's is Ms. Hendry's former employer.

## JURISDICTION

4. The jurisdiction of the Court over matters in this Complaint is founded upon 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

## VENUE

5. The facts related in this Complaint occurred in Volusia County, Florida, in the Middle District of Florida; therefore, venue is appropriate in this Court.

## ADMINISTRATIVE EXHAUSTION

6. On or about March 26th, 2018, Ms. Hendry filed a EEOC Charge docketed as 511-2019-03001 alleging discrimination based on Sex (Title VII), Age (ADEA), and Harassment (Title

VII/ADEA). Exhibit A.

7. Ms. Hendry cross-filed that charge with the Florida Commission on Human Relations.

8. On or about November 18th, 2019, the EEOC issued a Right to Sue letter. Exhibit B.

9. Plaintiff has exhausted her administrative remedies by filing this lawsuit within 90 days of her receipt of the Right to Sue letter.

## FACTS

10. Ms. Hendry is a female of Filipino descent and is 64 years of age.

11. Ms. Hendry speaks with an accent and English is not her first language.

12. Ms. Hendry was a cashier at Beall's Stores, Inc., 1458 W. Granada Blvd., Ormond Beach, Florida 32174 ("Beall's").

13. Ms. Hendry was hired on October 23, 2004 and had worked without issues until her termination.

14. Ms. Hendry's direct supervisor was Sam Farahat, who was reassigned to another store and replaced by a Caucasian male, who, based upon information and belief, was the acting manager during all relevant time periods contained herein.

15. Ms. Hendry had performed well and received favorable evaluations during employment with Beall's up and until August 21, 2018.

16. Hendry would often shop at Beall's while not on shift and clocked out and utilize coupons that were sent in mass mailings. The coupons were for general public use and there was no policy in place prohibiting Hendry, or any other Beall's employee, from using these coupons.

17. When shopping on her personal time, Ms. Hendry took her merchandise to the register which was staffed by another Beall's employee. Ms. Hendry does not have personal knowledge of how or what the employee scanned.

18. Ms. Hendry would present the coupon to the employee at check out.

19. At no time was Hendry instructed that using Beall's coupons or Beall's "Bucks" were prohibited by employees.

20. At no time was Hendry warned that her using Beall's coupons was prohibited or restricted in any way.

21. On August 21, 2018, Ms. Hendry was called into a meeting with Human Resource and a Loss Prevention Agent. She was confronted for the first time that she was using coupons incorrectly.

22. The store has alleged that it has documented the improper scanning and use of coupons by Hendry. However, Hendy is not provided an opportunity to review any of the "evidence."

23. During the August 21 conversation, Hendry stated that she had used coupons in the past like any other customer. However, Beall's takes this as an admission that Hendry has improperly used these coupons in the past even though Beall's has no proof of this.

24. As a result, Hendry was coerced into signing a promissory note to repay $1,920 to Beall's as restitution for her "theft" even though Ms. Hendy did not have an opportunity to review the evidence or dispute the allegations against her.

25. After signing the promissory note, Hendy was terminated from her position.

26. However, other employees who have used coupons in the same manner as Hendry have not been terminated nor have they been forced to sign a promissory note. These employees are younger and typically Caucasian.

27. Further, at this particular store, there had been a policy of "whitewashing" the work force by terminating employees of color and non-American ethnicity to only replace them with younger, Caucasian appearing employees.

28. Beall's has discriminated against Hendry by manufacturing a false reason for her termination. Further, they have not treated her the same as other similarly situated employees by failing to terminate other employees that have used coupons to purchase merchandise. The reasons manufactured by Beall's were pretextual to justify terminating her employment.

## COUNT I
## Title VII Discrimination
## on the Basis of Sex

29. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

30. Ms. Hendry, a female is a member of a protected class.

31. Beall's is an employer for purposes of Title VII.

32. Ms. Hendry was qualified for her position as a cashier.

33. Ms. Hendry suffered adverse employment actions including wrongfully accused of theft, coerced into signing a promissory note and terminated.

34. These adverse actions occurred under circumstances giving rise to an inference of sex discrimination.

35. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

36. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

37. Ms. Hendry seeks all remedies and damages permitted under Title VII including, but not

4

limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT II
### Age Discrimination in Employment Act

38. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

39. Ms. Hendry is a member of the protected age class as she is over the age of 40.

40. Defendant is an employer for purposes of the ADEA.

41. Ms. Hendry was qualified for her position as cashier.

42. Ms. Hendry suffered adverse employment actions including, wrongfully accused of theft, coerced into signing a promissory note and terminated.

43. These adverse actions occurred under circumstances giving rise to an inference of age discrimination.

44. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

45. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

46. Ms. Hendry seeks all remedies and damages permitted under the ADEA including, but not limited to, backpay, front pay, liquidated damages, attorney's fees, costs, and interest.

## COUNT III
### Title VII Discrimination on the Basis of Ethnicity

47. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

48. Ms. Hendry, a Filipino is a member of a protected class.

49. Beall's is an employer for purposes of Title VII.

50. Ms. Hendry was qualified for her position as a cashier.

51. Ms. Hendry suffered adverse employment actions including wrongfully accused of theft, coerced into signing a promissory note and terminated.

52. These adverse actions occurred under circumstances giving rise to an inference of ethnicity discrimination.

53. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

54. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

55. Ms. Hendry seeks all remedies and damages permitted under Title VII including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

### COUNT IV
### Title VII Discrimination on the Basis of National Origin

56. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

57. Ms. Hendry, a female from the Philippines is a member of a protected class.

58. Beall's is an employer for purposes of Title VII.

59. Ms. Hendry was qualified for her position as a cashier.

60. Ms. Hendry suffered adverse employment actions including wrongfully accused of theft, coerced into signing a promissory note and terminated.

61. These adverse actions occurred under circumstances giving rise to an inference of National Origin discrimination.

62. There was no justification for these adverse actions and any justification provided was a

pretext for discrimination.

63. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

64. Ms. Hendry seeks all remedies and damages permitted under Title VII including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT V
## Florida Civil Rights Act
## Discrimination on the Basis of
## Sex

65. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

66. Ms. Hendry a female is a member of the protected class.

67. Beall's is an employer for purposes of the Florida Civil Rights Act.

68. Ms. Hendry was qualified for her position as a cashier.

69. Ms. Hendry suffered adverse employment actions including, wrongfully accused of theft, coerced into signing a promissory note and terminated.

70. These adverse actions occurred under circumstances giving rise to an inference of sex discrimination.

71. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

72. As a result of Defendant's discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

73. Ms. Hendry seeks all remedies and damages permitted under the Florida Civil Rights Act

including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT VI
### Florida Civil Rights Act Age Discrimination

74. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

75. Ms. Hendry is a member of the protected age class.

76. Beall's is an employer for purposes of the Florida Civil Rights Act.

77. Ms. Hendry was qualified for her position as a cashier.

78. Ms. Hendry suffered adverse employment actions including wrongfully accused of theft, coerced into signing a promissory note and terminated.

79. These adverse actions occurred under circumstances giving rise to an inference of age discrimination.

80. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

81. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

82. Ms. Hendry seeks all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT VII
### Florida Civil Rights Act
### Discrimination on the Basis of ETHNICITY

83. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

84. Ms. Hendry, a Filipino, is a member of the protected class.

85. Beall's is an employer for purposes of the Florida Civil Rights Act.

86. Ms. Hendry was qualified for her position as a cashier.

87. Ms. Hendry suffered adverse employment actions including wrongfully accused of theft, coerced into signing a promissory note and terminated.

88. These adverse actions occurred under circumstances giving rise to an inference of ethnicity discrimination.

89. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

90. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

91. Ms. Hendry seeks all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT VIII
### Florida Civil Rights Act
### Discrimination on the Basis of National Origin

92. Paragraphs 1-27 are incorporated by reference as if set forth herein at length.

93. Ms. Hendry from the Philippines is a member of the protected class.

94. Beall's is an employer for purposes of the Florida Civil Rights Act.

95. Ms. Hendry was qualified for her position as a cashier.

96. Ms. Hendry suffered adverse employment actions including wrongfully accused of theft, coerced into signing a promissory note and terminated.

97. These adverse actions occurred under circumstances giving rise to an inference of National

Origin discrimination.

98. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

99. As a result of Defendants' discriminatory conduct, Ms. Hendry has suffered damages including, but not limited to, financial damages, harm to her reputation, and emotional distress.

100. Ms. Hendry seeks all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## DEMAND FOR JURY TRIAL

101. Jury trial is demanded on all counts.

**Grady Legal PA**
On Behalf of the Plaintiff
1645 SE 3rd Ct. #204
Deerfield Beach, FL 33441
754.333.0313
/s/ Jacqueline A. Grady
Jacqueline A. Grady
FBN 635871
jackie@gradylegal.com